IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CHALLENGE CONSTRUCTION CORP., *ET AL.*, <br><br> Defendants. | Civil No. 07-1173 (GAG/BJM) |

**OPINION AND ORDER**

Plaintiff United States Fidelity and Guaranty Company ("USF&G") brings this action against Challenge Construction Corp.; Roberto Torres-González, Carmen Orama-López, and the Torres-Orama Legal Conjugal Partnership; and Eugenio Rodríguez-Luciano, Margarity Morales-Luciano, and the Rodríguez-Morales Legal Conjugal Partnership (collectively "Challenge" or "defendants") for breach of contractual indemnity obligations.

The parties have filed cross motions for summary judgment (Docket No. 77, 79), and have submitted statements of uncontested material facts (Docket No. 77-2, 80). The parties have duly opposed their opponents' motions for summary disposition. (Docket No. 86, 87). The parties consented to proceed before a magistrate judge (Docket No. 67). I hereby **GRANT** plaintiff's motion for summary judgment, and **DENY** the motion filed by defendants.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 1, 2007, USF&G filed this action seeking indemnification in an amount no less than $702,672.92 for all losses and expenses incurred by reason of having executed performance bonds on behalf of defendant Challenge. (Docket No. 1).

The following material facts, which will be viewed in the light most favorable to the nonmoving party, are either undisputed or conclusively supported by the evidentiary record except

United States Fidelity and Guaranty Co. v. Challenge Construction Corp., et al.                                   Page 2
Civil No. 07-1173 (GAG/BJM)
**OPINION AND ORDER**

where otherwise noted, a "framework ... not altered by the presence of cross-motions for summary judgment." Cochran v. Quest Software, Inc., 328 F.3d 1, 6 (1st Cir. 2003).[1]

This diversity action arises out of Challenge's failure to indemnify USF&G for what USF&G claims it is owed under their indemnity agreement. USF&G, a subsidiary of Travelers, engages in issuing payment and performance bonds. (Docket No. 77-2, ¶ 1; Docket No. 77-3, ¶ 2; Docket No. 88, ¶ 1). USF&G is a Maryland corporation with its principal place of business in St. Paul, Minnesota. (Docket No. 77-2, ¶ 1; Docket No. 77-3, ¶ 2; Docket No. 88, ¶ 1). USF&G is authorized and licensed to do surety business in the Commonwealth of Puerto Rico. (Docket No. 77-2, ¶ 1; Docket No. 77-3, ¶ 2; Docket No. 88, ¶ 1). Challenge is a Puerto Rico corporation that is or was engaged in the construction business as a general contractor. (Docket No. 1, ¶ 2; Docket No. 10, ¶ 2; Docket No. 77, ¶ 2; Docket No. 88, ¶ 2). USF&G and defendants, jointly and severally subscribed a General Agreement of Indemnity ("GAI") on July 27, 2000. (Docket No. 1, ¶ 7; Docket No. 10, ¶ 7; Docket No. 77-2, ¶ 3; Docket No. 77-4; Docket No.80, ¶ 1; Docket No. 80-2, pp. 5-7; Docket No. 88, ¶ 3). Pursuant to the GAI, defendants agreed to indemnify USF&G for all claims that USF&G would pay out to Challenge's creditors. (Docket No. 77-4 at p. 2, ¶ 4; Docket No. 77-2, ¶ 4; Docket No. 10, ¶ 7). Defendants agreed that evidence of payments would be prima facie evidence of the fact and amount of the liability. (Docket No. 77-4 at p. 2, ¶ 6; Docket No. 77-2, ¶ 5).

In furtherance of the GAI, USF&G issued Payment and Performance Bonds No. SA3078 and

---

[1] In determining what facts are supported by the evidentiary record, I have applied Local Rule 56(e):

> Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

**United States Fidelity and Guaranty Co. v. Challenge Construction Corp., et al.**   Page 3
Civil No. 07-1173 (GAG/BJM)
**OPINION AND ORDER**

SA3201 (the "bonds"), each in the amount of $2,110,000.00, to Challenge, as principal, with effective dates of July 20, 2000 and December 4, 2000, to secure the performance and fulfillment of a contract to construct 50 housing units in Brisas del Laurel, Ponce, Puerto Rico.[2] (Docket No. 1, ¶ 8; Docket No. 10, ¶ 8; Docket No. 77-2, ¶ 6; Docket No. 77-5; Docket No. 80, ¶¶ 2, 4, 14, 15, 18; Docket No. 88, ¶ 6). In connection with these bonds, USF&G received claims and made payments (and incurred losses and expenses) in the amount of $710,493.42. (Docket No. 77, ¶ 1; Docket No. 77-2, ¶ 7; Docket No. 77-3, ¶ 6; Docket Nos. 77-4 – 77-6; Docket No. 88, ¶ 7).

Both Bond 3078 and Bond 3201 state that "[a]ny suit under this bond must be initiated before the expiration of two (2) years from the date on which final payment under the Contract falls due." (Docket No. 80, ¶ 5; Docket No. 80-3, ¶ 12; Docket No. 80, ¶ 16; Docket No. 80-8, ¶ 12). The GAI contains no similar limitation for filing suits. (See Docket No. 77-4). The final payment made by Challenge to the surety under the GAI was made on March 2, 2001. (Docket No. 80, ¶ 6; Docket No. 80-4, ¶¶ 10-11; Docket No. 80-5, ¶¶ 10-11; Docket No. 80-6). More than two years passed between the final payment for Phase I and II and the date of the filing of the lawsuit. (Docket No. 80, ¶¶ 10, 17; Docket No. 80-4, ¶¶ 10-11; Docket No. 80-5, ¶¶ 10-11; Docket No. 80-6). Challenge was notified of all or most of the claims by USF&G that USF&G would be paying in regards to Bonds 3078 and 3201.[3] (Docket No. 80, ¶ 13; Docket No. 80-4, ¶¶ 6-7; Docket No. 80-5, ¶¶ 6-7;

---

[2] As defendants correctly note, Bond 3078 was issued before the GAI was signed and notarized. (Docket No. 80, ¶ 3).

[3] Challenge contends in its statement of uncontested fact that as to both bonds it "was only notified by USFG of a small number of alleged creditors it would be paying ... and the amount does ot nearly reach the amount alleged in the lawsuit." (Docket No. 80, ¶¶ 13, 19). The affidavits offered in support of this statement, however, does not fully substantiate it, insofar as they state only that "[a]t the beginning [Challenge] received some written notification by [plaintiff] that they intended to or would pay alleged creditors who claimed that Challenge... owed them money" but that Challenge "didn't receive[] all notifications." (Docket No. 80-5, ¶6). Plaintiff, in turn, has submitted a sworn statement supported by documentation enumerating numerous communications it sent to Challenge regarding its intent to make payment on claims. (Docket No. 86-2). I therefore find that Challenge has not raised a genuine issue of fact as to its alleged lack of notice of USF&G's intent to make payment on claims.

Docket No. 80, ¶ 19).

Finally, defendants allege (and USF&G agrees by failing to controvert) that Challenge successfully completed thirty-three (33) housing units in Phase II of the Project, that Brisas del Laurel owes Challenge $595,355.33 for the construction of those housing units, that USF&G released Brisas del Laurel from any obligation from its creditors, and that Challenge is a creditor of Brisas del Laurel. (Docket No. 80, ¶¶ 20-23).

## DISCUSSION

### I.    Standard of Review on Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material only if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining if an issue of a material fact is "genuine", the court does not weigh the facts but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; Leary v. Dalton, 58 F.3d 748, 751 (1st Cir. 1995).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact." Crawford-El v. Britton, 523 U.S. 574, 600 n.22 (1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Once this threshold is met, the burden shifts to the nonmoving party. The nonmovant may not rest on mere conclusory allegations or wholesale denials. Fed. R. Civ. P. 56(e); Libertad v. Welch, 53 F.3d 428, 435 (1st Cir. 1995). Instead, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial" and support such facts with "affidavits . . . made on personal knowledge . . . set[ting] forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e).

Further, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Of course, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party." Leary, 58 F.3d at 751. Still, summary judgment is appropriate where the nonmoving party rests entirely upon "conclusory allegations, improbable inferences, and unsupported speculation" on any essential element of the claim. Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## II.   Analysis

USF&G moved for summary judgment, arguing that pursuant to the clear terms of the GAI, defendants are obligated to indemnify and hold USF&G harmless

> from and against all claims, damages, expenses, losses, costs, professional and consulting fees, disbursements, interests and expenses of every nature (including premiums and fees due for the issuance and continuance of any BOND or BONDS) which the Surety may sustain, incur or become liable for by reason of having executed or procured the execution of any BOND or BONDS, or by making any investigation of any matter concerning any BOND or BONDS, or by prosecuting or defending any action in connection with any BOND or BONDS or by recovering any salvage or enforcing this Agreement. . . .

(Docket No. 77-4). USF&G claims that it has incurred losses and expenses in paying out money in connection with the bonds and by having to file this complaint as a result of the defendants' failure to comply with the provisions of the GAI. Plaintiff claims that it is entitled to relief under Articles 1721 to 1728 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 4871 – 4878 (which define the relationship between and obligations of the surety and principal debtor), and Articles 1737 to 1745, 31 L.P.R.A. §§ 4911 – 4933 (which define the default effects of an indemnity agreement).

Defendants oppose plaintiff's request, arguing that there are issues of fact relating to compliance with the bond and the contract that impede summary judgment. In essence, they submit that (1) the complaint is time-barred, and (2) plaintiff did not comply with Puerto Rico law, which

requires that a surety notify a debtor of intent to pay claims before payments are made. (Docket No. 79, p. 6-7). Furthermore, in their counter motion, defendants allege that the GAI does not apply to the bond for Phase I because it was executed after said bond was issued. (Docket No. 79, p. 6).

Article 1044 of the Puerto Rico Civil Code, 31 L.P.R.A. § 2994, prescribes that "obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." López Torres v. González Vazquez, 163 D.P.R. 275 (2004). "Contracts shall be binding, whatever may be the form in which they have been executed, provided the essential conditions required for their validity exist." 31 L.P.R.A. § 3451. Parties may agree to any terms and conditions so long as they are not contrary to the law, moral, or public order. See United States Fidelity and Guaranty Co. v. New Partnership & Co., 2009 U.S. Dist. LEXIS 69409, at *11 (D.P.R. Aug. 7, 2009), citing Luan Investment v. Rexach Construction, 152 D.P.R. 652 (2000), citing 31 L.P.R.A. § 3372. "If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." 31 L.P.R.A. § 3471. When terms are clear, courts are not free to relieve a party from its obligations under an agreement of indemnity. Olazabal v. United States Fidelity & Guaranty, 3 P.R. Offic. Trans. 624, 103 D.P.R. 448 (1975); Mercado v. Universidad Católica de PR, 1997 P.R.-Eng. 878,471, 143 D.P.R. 610 (1997).

This court has found summary judgment appropriate to enforce the provisions of an indemnity agreement like the one at bar. See, e.g., United States Fidelity & Guaranty v. Diaz Matos, 2007 U.S. Dist. LEXIS 20225, at 9 (D.P.R. March 21, 2007) ("After reviewing the arguments of the parties, the Court finds that USF&G is entitled to partial summary judgment on the issue of . . . defendants' liability pursuant to the [indemnity agreement]. . . [A]s plaintiff posits, the question is clearly amenable for resolution as a matter of law."). Furthermore, this conclusion is amply supported by Puerto Rico law. Segovia Dev. Corp. v. Constructora Maza, Inc., 628 F.2d 724 (1st Cir. 1980) (district court properly granted summary judgment to the surety on the issue of

United States Fidelity and Guaranty Co. v. Challenge Construction Corp., et al.        Page 7
Civil No. 07-1173 (GAG/BJM)
**OPINION AND ORDER**

reimbursement because the surety was entitled to indemnity). Indeed, Puerto Rico law provides that a "surety who pays for a debtor shall be indemnified by the latter" for the "total amount of the debt" as well, in some circumstances, legal interest, expenses, and losses and damages. 31 L.P.R.A. §4911.[4]

Challenge does not contest that it executed the GAI, and has not raised a genuine issue of material fact as to the amount that USF&G has paid on its behalf. Instead, Challenge contends that plaintiff's complaint is time barred, and that it did not receive notice in all cases that plaintiff intended to pay its creditors.

With respect to the first issue, the parties dispute the applicable limitations period. USF&G argues that the limitations period is governed by the Puerto Rico Civil Code's default period of fifteen years since the GAI prescribes no period of its own. See 31 L.P.R.A. § 5294. Challenge, on the other hand, contends that the limitation period in this case is governed by the provisions in the bonds which state that "any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due." The issue, then, is whether USF&G's current action for indemnity constitutes a "suit under this bond" so as to be governed by the bonds' two year limitation period.

---

[4] 31 L.P.R.A. § 4911 states:

A surety who pays for a debtor shall be indemnified by the latter.

The indemnity consists of:

(1) The total amount of the debt.

(2) Legal interest on the same from the day on which the payment may have been communicated to the debtor, even when it did not produce interest for the creditor.

(3) The expenses incurred by the surety after the latter has informed the debtor that he has been sued for payment.

(4) Losses and damages, when proper.

The provisions of this section shall be valid, even should the security have been given without knowledge of the debtor.

**United States Fidelity and Guaranty Co. v. Challenge Construction Corp., et al.**          Page 8
Civil No. 07-1173 (GAG/BJM)
**OPINION AND ORDER**

I find that it does not. Importantly, USF&G's right to indemnity is not governed by the terms of the bonds. The bonds, rather, establish USF&G's obligation to Brisas del Laurel, Inc. ("Brisas"), to "guarantee the physical completion of the work and the payment of all labor and material bills incurred in the performance of the contract" between Challenge and Brisas. (Docket No. 80-3). Indeed, the purpose behind the bond agreements (i.e., to secure third-party creditors in order to complete the building project) supports the conclusion that the provisions of the bond agreements (i.e., the terms stating the period during which suit can be filed) are not applicable to USF&G. See, e.g., Real Legacy Assurance Co. v. Santori Trucking Inc., 560 F. Supp. 2d 143, 146 (D.P.R. 2008) (reasoning that the purpose of the document supports the court's conclusion). In short, plaintiff's right to indemnity - which is the right at issue in this suit - is not governed by the bonds but by the express terms of the GAI. And because the GAI itself does not contain a limitations period, I find that this case is governed by the Puerto Rico Civil Code's fifteen-year limitation period for actions "for which no special term of prescription is fixed." 31 L.P.R.A. § 5294. Accordingly, the present action was timely filed.

Challenge next argues that it received insufficient notice of plaintiff's payment of claims. However, the GAI provides no requirement that the surety give notice to the principal debtor before a claim is paid, and in fact authorizes GAI to "settle or compromise any claims, liability, demand suit or judgment upon any BOND or BONDS executed or procured by it, and any such settlement or compromise shall be binding upon [Challenge]." (Docket No. 77-4). Moreover, "Puerto Rico law recognizes the relationship between a surety and a debtor and requires a debtor to indemnify a surety even when the security is paid without the debtor's knowledge." Constructora Andrade Gutierrez, S.A. v. American Intern. Ins. Co., 467 F.3d 38, 45 (1st Cir. 2006); 31 L.P.R.A. 4911. "Generally, when an indemnity agreement gives a surety broad discretion to pay claims triggering the indemnity agreement, the only defense an indemnitor may raise against a claim by the surety for indemnification is that the surety committed fraud or collusion, or otherwise acted in bad faith in

United States Fidelity and Guaranty Co. v. Challenge Construction Corp., et al.                                  Page 9
Civil No. 07-1173 (GAG/BJM)
**OPINION AND ORDER**

paying the claim." Constructora, 467 F.3d at 45-46.

Notwithstanding the above, defendants cite Puerto Rico law that states that "[i]f the surety pays without informing the debtor, the latter may use against him all the exceptions which he could have set up against the creditor at the time of making the payment." 31 L.P.R.A. § 4915. Defendants also note that the Civil Code provides that "[i]f the surety has paid without notifying the debtor, and the latter, not having knowledge of the payment, also pays it, the former has no remedy against the debtor; but only against the creditor." 31 L.P.R.A. §4915.

This line of attack fails for a number of reasons. First, defendants have failed to enlighten the court as to what rights or exceptions, if any, they could have set up against the creditor that they now seek to raise against USF&G. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (when a party raises an argument in skeletal fashion the court is not required to put flesh on its bones). Defendants similarly fail to provide any evidence of "double" payments they made under the construction contract after the owner was already paid by plaintiff, and offer only the conclusory statement that they "didn't receive all notifications" without attempting to identify any payments that resulted from the alleged failure to notify. In short, defendants have failed to meet their burden to prove a genuine issue of fact both as to the alleged lack of notification and as to any alleged double payment that resulted.

Second, to the extent that the Civil Code provisions that defendants rely on give rise to any defense based on an alleged failure to notify, defendants effectively surrendered such rights in the GAI. Specifically, the GAI provides that the "SURETY is authorized to assert and prosecute any right or claim hereby assigned, transferred or otherwise conveyed in the name of the CONTRACTOR and to compromise and settle any such rights or claim on such terms as it considers reasonable under the circumstances in its *sole and absolute discretion*, subject only to the requirement that it act in good faith, which shall be defined as the absence of *deliberate or willful malfeasance*" and that the "[n]either SURETY nor the obligees shall incur any liability to any of the

United States Fidelity and Guaranty Co. v. Challenge Construction Corp., et al.   Page 10
Civil No. 07-1173 (GAG/BJM)
**OPINION AND ORDER**

UNDERSIGNED [defendants] in the exercise of the rights granted by this Section 8, except for *deliberate and willful malfeasance*." (Docket No. 77-4, p. 3) (emphasis added). In the face of these provisions, which effectively grant the surety the right to finally, conclusively, and unconditionally bind defendants by paying claims, defendants may successfully attack payments made by surety only by pleading and proving deliberate or willful malfeasance. Given the terms of the GAI, which bestow a high degree of discretion on USF&G, I find it impossible to classify the failure to notify defendants of a payment or a settlement an act of deliberate or willful malfeasance. Consequently, I find that defendants are liable to USF&G even if they were not notified of the payments that USF&G would make to creditors.

Defendants also argue in their cross-motion for summary judgement that because Bond SA3078 was issued before the GAI, it is null and void. However, the GAI provides that it will apply to "all BONDS heretofore or hereafter executed for the contractor". (See Docket No. 77-4). Thus, under the clear terms of the contract, the fact that the GAI was executed after the first bond agreement was signed and executed is immaterial to the determination of liability. See 31 L.P.R.A. §3471.

After reviewing the arguments of the parties, I find that USF&G is entitled to summary judgment under the indemnity clause of the GAI.

The court was also asked to consider the issue of damages. Given that (1) the evidence shows that USF&G did in fact pay claims and make expenditures in furtherance of the bond agreements; (2) I have found that USF&G's failure to notify defendants is immaterial for disposition of this case, and that even if it were not immaterial, defendants have failed to show that they were not notified; and (3) there are no indicia of deliberate or willful malfeasance, I find that USF&G has met its burden with respect to the damages amount.

United States Fidelity and Guaranty Co. v. Challenge Construction Corp., et al.                                Page 11
Civil No. 07-1173 (GAG/BJM)
**OPINION AND ORDER**

## CONCLUSION

For the foregoing reasons, this court **GRANTS** plaintiff's motion for summary judgment (Docket No. 77) and **DENIES** defendants' motion for summary judgment.  Judgment shall be entered in favor of plaintiff and against defendants in the amount of $710,493.42.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 30th day of September, 2009.


                                                                                *S/Bruce J. McGiverin*
                                                                                BRUCE J. MCGIVERIN
                                                                                United States Magistrate Judge